UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RICO RONONDO RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>SHEIFFS OF ST. CLAIR COUNTY JAIL, MINNESOTA D.O.C,<br>the arresting officers on the seen that work for the shiffe's office of St. Clair County Jail,<br><br>Defendants. | Case No. 17-cv-3416 (SRN/HB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is once again before the Court on Plaintiff Rico Ronondo Rodriguez's applications to proceed without prepaying fees, or *in forma pauperis* ("IFP").  ECF Nos. 2, 7, 12.

Rodriguez -- a prisoner -- filed a complaint on July 28, 2017 in which he alleged that the defendants were liable for injuries to his hand.  Since that time, Rodriguez has been ordered to amend his IFP application, pay his filing fee, and amend his complaint.  On September 18, 2017, he was ordered to file an amended IFP application because his initial application was blank. ECF No. 6.  Once he complied, he was ordered to pay an initial partial filing fee, failing which his case would be dismissed.  ECF No. 8.  When he did not pay, Rodriguez was provided "one last extension of time" to pay.  ECF No. 11.  When he again did not pay, on January 8, 2018, the Court adjusted the amount of his initial partial filing fee and again provided him with "one last extension of sixty days" to pay the initial filing fee.  ECF No. 14.  The Court also screened the complaint pursuant to the IFP statute, determined that it was inadequate, and ordered Rodriguez

to file an amended complaint. ECF No. 14. The Court once again warned Rodriguez that if he failed to comply, the Court would recommend that this action be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b). The deadline to comply has now passed and Rodriguez has paid the initial partial filing fee but has not filed an amended complaint. For the reasons described in its prior order, and outlined below, the Court therefore recommends dismissal.

In its January 8, 2018 order, the Court informed Rodriguez that, in the context of a civil rights complaint like his, a plaintiff must describe each individual defendant's personal involvement in the alleged wrongdoing in order to state a claim. ECF No. 14 at 2-3. The Court specifically informed Rodriguez that he did not have to provide the name of each defendant but only sufficient factual allegations so that any "John Doe" or unknown defendant was "capable of being identified." ECF No. 14 at 4. Rather than amend his complaint as directed, Rodriguez filed a letter to the Court in which he "ask[s] the courts to subpoena" his arrest report from Belleville, Illinois so that he can "move forward" with his case. ECF No. 15. This letter is inadequate and fails to comply with the Court's order to amend his complaint.

The Court also informed Rodriguez that the Minnesota Department of Corrections was immune from suit. ECF No. 14 at 5. Rodriguez's most recent letter does not address this problem with the complaint either. He states that he has "the Minnesota paper work and will be sending it to [the Court] soon." ECF No. 15. However, the Court previously informed Rodriguez that he could not rely on loose documents untethered from factual allegations against particular defendants in the complaint. ECF No. 14 at 4. Rodriguez's future intention to send more documents rather than file an amended complaint does not address the inadequacy the Court described. Since he commenced this action, Rodriguez has repeatedly stated that more

information is forthcoming but the action has now been pending eight months and nothing that he has filed thus far comes even close to addressing the shortcomings of the complaint.

In summary, the Court provided Rodriguez with a list of requirements for his amended complaint so that this case can move forward.  ECF No. 14 at 5-6.  The Court has provided Rodriguez with numerous opportunities to comply with those requirements, yet it remains unclear even whom he would attempt to serve with this lawsuit if IFP status were granted. Accordingly, for the reasons outlined in its prior order and above, this Court now recommends that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute.  *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated:  March 27, 2018             s/ *Hildy Bowbeer*
                                                       HILDY BOWBEER
                                                       United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).